**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4454

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC WERNER JOHANSSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:21-cr-00389-M-1)

Submitted:  August 9, 2023                    Decided:  August 24, 2023

Before WILKINSON, WYNN, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Werner Johansson pled guilty to two counts of transportation of child pornography and one count of possession of child pornography involving a prepubescent minor. He was sentenced to 150 months in prison and a 20-year term of supervised release. On appeal, he asserts that the district court erred by failing to provide appropriate reasoning for the lengthy term of supervised release. We affirm.

The parties disagree as to the applicable standard of review. Recently, we determined in *United States v. Elbaz*, 52 F.4th 593, 611 (4th Cir. 2023), *petition for certiorari filed* (No. 22-1055, May 1, 2023), that plain error review applied to the review of Elbaz's supervised release term because "Elbaz's objections to her term of imprisonment are not specific enough to preserve a challenge to the terms of supervised release." We noted that objections must be made "with sufficient specificity so as to reasonably alert the district court of the true ground for the objection." *Id.* However, "where the sentence and the supervised release condition are problematic on the same basis," asking for a shorter prison sentence preserved an objection to supervised release. *Id.* at 611-12 & n.18.

Johansson contends that the objections he made in favor of a below-Guidelines prison sentence also applied to the supervised release term. In arguing for a lower prison sentence below, Johansson asserted that the collateral consequences of his conduct provided additional punishment, promoted respect for the law, and served as both a specific and general deterrent. Further, Johansson referred to his upbringing, education, employment history, lack of substantial criminal history, age, and low risk of recidivism. On appeal, Johansson raises similar, although not identical, reasons for a shorter supervised

2

release term that he asserts the district court failed to address: low risk of recidivism, lack of necessity for supervision into his 90s, and unnecessary supervision after requirement to register as a sex offender had expired.  Although Johansson never specifically referenced his supervised release term or requested a specific supervised release sentence, he asserts that his request for a variance sentence referred to both his imprisonment and the length of his supervised release term and encompassed his appellate arguments.

However, the circumstances of this case make it clear that Johansson's request for a variant prison sentence did not include a request for a variant supervised release term and that Johansson did not otherwise argue for a shorter supervised release term.  Specifically, the district court was statutorily required to sentence Johansson to at least the mandatory minimum five years of supervised release.  18 U.S.C. § 3583(k).  Given that the presentence report calculated an advisory Guidelines range of five-years-to-life of supervised release, a below-Guidelines term of supervised release would have been below the statutory maximum and outside the court's authority to impose.  Thus, Johansson's arguments for a below-Guidelines variant prison sentence cannot be imputed to his supervised release term.  Given that Johansson did not request a shorter, within-Guidelines term of supervised release than he received, the adequacy of the district court's explanation for his supervised release term is reviewed for plain error.  *See United States v. Lynn*, 592 F.3d 572, 581 (4th Cir. 2010) (holding that defendant preserves objection to sentence when request for a lower sentence is rejected).

"To show that the district court plainly erred, [Johansson] must establish that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights."

3

*United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022) (cleaned up).  Even if these requirements are met, we will "exercise [its] discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (cleaned up).

"District judges exercise significant discretion in setting the length and conditions of supervised release within parameters set by both federal statutes and the Sentencing Guidelines."  *United States v. Hamilton*, 986 F.3d 413, 417 (4th Cir. 2021).  Although it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision, *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006), "an appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence," *United States v. Carter*, 564 F.3d 325, 329-30 (4th Cir. 2009).  "[I]n a routine case, where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate or lengthy."  *United States v. Arbaugh*, 951 F.3d 167, 174–75 (4th Cir. 2020) (internal quotation marks omitted).

At sentencing, the district court addressed Johansson's arguments in depth and without objection and imposed a downward variance prison term and a supervised release term below the Guidelines recommendation of life.  *See* U.S. Sentencing Guidelines Manual § 5D1.2(b), p.s.  Thus, there was likely no error, and certainly not plain error.  However, even assuming there was error in the failure to explicitly and separately discuss Johansson's age and likelihood to recidivate when imposing the supervised release term,

4

Johansson's challenge to the procedural reasonableness of his sentence must fail, because this error did not affect his substantial rights.

The district court sentenced Johansson to less than the recommended life in prison, and Johansson fails to explain how explicit consideration of his appellate arguments would have resulted in an even lower sentence. The court was well aware of Johansson's age and low risk of recidivism when it sentenced him. Johansson does not dispute that the court fully considered his arguments in imposing his custodial sentence and provides no basis to believe that the court's consideration of his supervised release term was any less careful. *See United States v. Carson*, 924 F.3d 467, 470-71 (8th Cir. 2019) (noting that an "overarching" explanation for the prison term will often provide an adequate explanation for the supervised release term). Moreover, the Guidelines recommended a life term of supervised release, and the court imposed a lesser term. Accordingly, Johansson cannot demonstrate that the district court's failure to explain the basis for its decision "had a prejudicial effect on the sentence imposed." *Lynn*, 592 F.3d at 580; *see also United States v. Hernandez*, 603 F.3d 267, 273 (4th Cir. 2010) ("To demonstrate that a sentencing error affected his substantial rights, [the defendant] would have to show that, absent the error, a different sentence might have been imposed.").

In any event, this is not a case where we will exercise our discretion to correct any error. Johansson is subject to deportation upon release, and he has expressed a desire to return to South Africa. Further, even if Johansson is not deported, this is a case where the Guidelines recommended a life term of supervised release, and Johansson received a lesser sentence. Moreover, Johannson provides no argument supporting the conclusion that his

5

sentence affects the fairness and integrity of the judicial system, and lengthy terms of supervised release are common in child pornography cases. *See, e.g., United States v. Accardi*, 669 F.3d 340, 346 (D.C. Cir. 2012) (citing cases imposing life terms of supervised release in child pornography cases).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*